UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

==================================================================

**CASE NO.:** CV 12-09810 SJO (AJWx)    **DATE:** February 28, 2013

**TITLE:** <u>Lee Birnbaum v. OneWest Bank, FSB</u>

==================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

==================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** [Docket No. 10]; **DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS** [Docket No. 11]

This matter is before the Court on Defendant OneWest Bank, FSB's ("Defendant") Motion to Dismiss the Complaint ("Motion to Dismiss") filed on January 7, 2013. Plaintiff Lee Birnbaum ("Plaintiff") filed an Opposition to the Motion ("Opposition") on January 29, 2013, to which Defendant filed a Reply ("Reply") on February 5, 2013. Also before the Court is Defendant's Motion to Strike Class Allegations ("Motion to Strike") concurrently filed with Defendant's Motion to Dismiss. The Court found these matters appropriate for decision without oral argument and vacated the hearing set for February 25, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and Defendant's Motion to Strike is **DENIED AS MOOT**.

I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff's Complaint alleges the following facts. On February 27, 2006, Plaintiff borrowed $570,000 from Defendant with interest at an adjustable annual rate. (Compl. ¶ 41, ECF No. 1.) Plaintiff's loan was memorialized and secured by a Deed of Trust recorded against property located at 5124 Rue Vendome, Lutz, Florida (the "Property"). (Compl. ¶ 42.)

In 2009, after encountering financial difficulties, Plaintiff was unable to continue meeting his monthly mortgage obligations. (Compl. ¶ 43.) Plaintiff contacted Defendant's loss mitigation department and requested a loan modification under the Home Affordable Modification Program ("HAMP"). (Compl. ¶ 45.) In October of 2009, Defendant presented Plaintiff with a Home Affordable Modification Trial Period Plan ("TPP" or the "Plan"). (Compl. ¶ 2; Compl. Ex. A ("TPP").) Under the Plan, Plaintiff was given a provisional period during which Plaintiff agreed to make three modified monthly payments. (Compl. ¶ 51; the Plan § 2.) A new payment amount was to take effect for the remaining term of the loan if the following conditions were met: (1) Plaintiff's representations regarding his finances and the Property remained true; (2) Plaintiff complied with

MINUTES FORM 11                                                                                    ____ : ____
CIVIL GEN                              Page 1 of 7                            Initials of Preparer _____

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-09810 SJO (AJWx)</u>     DATE: <u>February 28, 2013</u>

the terms of the Plan; (3) Plaintiff provided Defendant with all required information and documentation; and (4) Defendant determined that Plaintiff qualified for the loan modification. (TPP § 3.)

Plaintiff timely made the three payments required under the Plan, and continued to do so for an additional five months. (Compl. ¶ 51.) On April 12, 2010, Defendant informed Plaintiff in writing that Plaintiff's loan modification could not be completed because the paystubs Plaintiff submitted were not legible. (Compl. ¶ 56; Compl. Ex. C.) The letter requested that Plaintiff send legible copies of his two most recent paystubs. (Compl. Ex. C.) Despite his compliance with the request (Compl. ¶ 57), on July 22, 2010, Defendant informed Plaintiff that it could not offer a loan modification because Plaintiff did not provide Defendant with the documents requested (Compl. Ex. B).

On November 29, 2010, foreclosure proceedings were initiated against Plaintiff in Florida state court ("State Court Action"). (Mot. to Dismiss 5.) Almost two years later, on November 15, 2012, Plaintiff filed a class action complaint against Defendant asserting four causes of action: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Promissory Estoppel; and (4) Unfair Business Practices in violation of California Business and Professions Code section 17200. (*See generally* Compl.) On November 16, 2012, the day immediately after Plaintiff filed his class action complaint in federal court, Plaintiff filed a motion to amend his answer and affirmative defenses[1] in the State Court Action.[2] (Decl. of John H. Beisner in Supp. of Mot. to Dismiss ("Beisner Decl.") Ex. 2, ECF No. 12.)

Defendant filed the instant Motion to Dismiss on January 7, 2013, requesting the Court to dismiss the entire action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 10.) In the alternative to dismissing Plaintiff's Complaint, Defendant requests the Court to abstain in deference to Plaintiff's state foreclosure proceeding.[3] (Mot. to Dismiss 18-20.)

///

///

II.     <u>DISCUSSION</u>

---

[1] The Court takes judicial notice of Plaintiff's Motion for Leave to Amend Answer and Affirmative defenses because it satisfies the requirements of Federal Rule of Evidence 201.

[2] Defendant indicates that the state court has not yet ruled on Plaintiff's motion to amend. (Mot. to Dismiss 20 n.19.)

[3] Although Defendant did not include the alternative relief sought in the caption of the Motion to Dismiss, the Court construes Defendant's request for abstention as a motion to stay in the alternative to dismissal.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-09810 SJO (AJWx)</u>    **DATE:** <u>February 28, 2013</u>

    A.    <u>Colorado River Abstention</u>

The doctrine of abstention provides that a federal court may decline to exercise its jurisdiction in certain circumstances. *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). Because a federal court has the duty to adjudicate all controversies properly before it, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In "exceptional circumstances," a district court may stay a federal action in light of parallel state court proceedings. *Id.* at 814. "Under *Colorado River*, considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002).

When determining an issue of abstention in cases of parallel litigation, a federal court may consider such factors as (1) whether the state court first assumed jurisdiction over a property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state proceedings are adequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping; and (8) whether the two actions are substantially similar. *Colo. River*, 424 U.S. at 936-37; *Moses H. Cone*, 460 U.S. at 25-26; *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370-72 (9th Cir. 1990) These factors are not exclusive, and no one factor is determinative. *Colorado River*, 424 U.S. at 818. "[A] carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Id.* at 818. "Only the clearest of justifications will warrant dismissal." *Id.* at 818-19. The Court considers the factors in turn.

        1.    <u>Jurisdiction Over Disputed Property</u>

"In proceedings *in rem* or *quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 819). The state foreclosure action is an *in rem* proceeding, and the Florida state court was the first court to exercise jurisdiction over the property. The federal action, although based on common law claims for breach of contract, seeks relief that would affect rights in real property. This factor weighs heavily in favor of abstention.

        2.    <u>Inconvenience of the Federal Forum</u>

The relevant inquiry here "is whether the inconvenience of the federal forum is so great that this factor points toward abstention." *Travelers Indemnity Co.*, 914 F.2d at 1368. Although Plaintiff is a Florida resident, Plaintiff filed his Complaint in California, submitting himself to this jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-09810 SJO (AJWx)</u>     DATE: <u>February 28, 2013</u>

Defendant's principal place of business is located in California. (Compl. ¶ 10.) As such, this factor does not weigh in favor of abstention.

        3.      <u>Desirability of Avoiding Piecemeal Litigation</u>

Piecemeal litigation occurs when different tribunals consider the same issue, which often results in duplicate efforts and inconsistent decisions. *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258.

In the proposed Amended Answer and Affirmative Defenses filed by Plaintiff in the State Court Action, Plaintiff contends that foreclosure is improper because Plaintiff and Defendant "entered into a binding loan modification . . . and [Plaintiff] made all required payments under the modification agreement." (Beisner Decl. Ex. 2, at 31.) Plaintiff's eighth affirmative defense asserts that a loan modification was approved, and payments were made (and accepted) pursuant to the loan modification for nine months. (Beisner Decl. Ex 2, at 33.) Then suddenly the payments were no longer accepted, and the modification agreement was no longer honored. (Beisner Decl. Ex 2, at 33.) Plaintiff's tenth affirmative defense alleges that Defendant engaged in deceptive and unfair trade practices against Plaintiff and consumers throughout Florida. (Beisner Decl. Ex 2, at 34.) The specific acts Plaintiff alleges Defendant engaged in include the following: (1) advising Plaintiff to allow his loan payments to go into default in order to modify Plaintiff's loan; (2) providing such advice for the sole purpose of causing Plaintiff to default so that Defendant could foreclose on Plaintiff's home; and (3) inducing Plaintiff into default with the promise of a loan modification while knowing that no modification would be given. (Beisner Decl. Ex 2, at 34-35.)

In the federal complaint, Plaintiff alleges that the parties entered into a contract (i.e. the Plan), and Defendant breached the contract by failing to provide Plaintiff with a permanent loan modification. (Compl. ¶¶ 79-81.) Plaintiff also alleges Defendant engaged in unlawful, unfair, or fraudulent business practices by committing the following acts: (1) inducing Plaintiff to stop making loan payments in order to qualify for a loan modification; (2) inducing Plaintiff to engage in a loan modification process with no intention of complying with the Plan; and (3) unreasonably delaying the loan modification process for the purpose of foreclosing on Plaintiff's home. (Compl. ¶ 105.)

The allegations contained in Plaintiff's affirmative defenses are the same as Plaintiff's claims in the instant action. If both actions were to proceed independently, there exists a substantial risk of inconsistent results. Adjudication of the State Court Action creates a strong possibility of preclusive effect on this case and vice versa. The potential for piecemeal litigation weighs heavily in favor of abstention.

        4.      <u>Order In Which Jurisdiction Was Obtained</u>

In analyzing this factor, the Court must consider more than simply the order in which the petitions were filed. *See Moses H. Cone*, 460 U.S. at 20. Priority of jurisdiction weighs in favor of the court where the most progress on the case, including the underlying action, has occurred. *Id.*

**CASE NO.:** <u>CV 12-09810 SJO (AJWx)</u>   **DATE:** <u>February 28, 2013</u>

The State Court Action was initiated in November 2010. (Beisner Decl. Ex 2.) Even though Plaintiff filed a motion to amend his answer approximately three months ago, the State Court Action has been pending for more than two years. Because there are no proceedings in the district court other than the instant motion, this factor also weighs in favor of abstention.

      5.      <u>Law Governing Decision on the Merits</u>

Defendant argues that Florida law applies because Plaintiff's lawsuit arises out of his mortgage loan, and the mortgage agreement contains a choice of law provision stating that it "shall be governed by federal law and the law of the jurisdiction in which the Property is located." (Beisner Decl. Ex. 1 ("Mortgage") ¶ 16.) Plaintiff argues that California law applies because this dispute does not concern a breach of the mortgage agreement, but rather, Defendant's alleged failure to modify Plaintiff's loan pursuant to the Plan. (Opp'n to Mot. to Dismiss 4-5, ECF No. 22.)

A federal court sitting in diversity applies the choice of law rules of the forum state. *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008). Because this action was brought in the Central District of California as a diversity action (*see* Compl. ¶¶ 7, 9, 10), the Court will apply California choice of law rules. Under California law, the choice of law provision will be enforced if (a) the chosen state has a substantial relationship to the parties or the transaction and (b) application of the law of the chosen state would not be contrary to a fundamental California policy. *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002-03 (9th Cir. 2010) (citing *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 465 (1992)).

The Court agrees with Defendant that the choice of law provision in the mortgage agreement applies because the instant action arises out of a purported agreement between Plaintiff and Defendant to modify Plaintiff's mortgage payments. Absent the mortgage loan, there would have been no request for a loan modification. *See Morales v. Chase Home Fin.*, No. C 10-02068 JSW, 2011 WL 1670045, at *4 (N.D. Cal. April 11, 2011) (plaintiff's claim for breach of a Trial Period Payment contract analyzed pursuant to California law for property located in California); *Nolasco v. CitiMortgage, Inc.*, No. H-12-1875, 2012 WL 3648414, at *3 (S.D. Tex. Aug. 23, 2012) (property at issue was located in Texas and court applied Texas law to plaintiff's breach of contract claim for failure to modify a loan under HAMP). Plaintiff is a resident of Florida and the mortgaged property at issue is located in Florida. As such, Florida bears a substantial relationship to the parties and the transactions at issue. Additionally, Plaintiff does not present any evidence regarding how application of Florida law would be contrary to a fundamental California policy.

Because Florida law should be applied to both disputes, this factor also weighs in favor of abstention.

///

///

      6.      <u>Adequacy of State Court Proceedings</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 12-09810 SJO (AJWx)**              DATE:  **February 28, 2013**

The parties do not contend that the state court proceedings would be inadequate.  Indeed, it appears that the state court proceedings would be wholly adequate.

       7.      Forum Shopping

Although the parties do not address this issue, the Court finds it suspect that Plaintiff filed his Complaint in a California federal court one day prior to requesting an amendment to his answer in Florida state court and two years after the state court proceeding began.  Plaintiff's insistence that California law governs the federal action, coupled with the fact that Plaintiff could have filed the federal suit in his home state of Florida as a diversity action, suggests that Plaintiff was looking for an alternate forum in which the TPP agreement would be validated as an enforceable contract.  As such, the Court finds this factor weighs in favor of abstention.

       8.      Substantial Similarity

The Ninth Circuit has held that exact parallelism is not required.  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  "It is enough if the two proceedings are 'substantially similar.'"  *Id.*

Plaintiff argues that the disputes are not parallel because the parties do not completely overlap.  (Opp'n to Mot. to Dismiss 18.)  The State Court Action was filed by Deutsche Bank National Trust Company, and OneWest Bank is not a party to that action.  However, Deutsche Bank initiated the State Court Action as Trustee of the IndyMac Indx Mortgage Trust, and the TPP agreement at issue provides the name of the lender of Plaintiff's loan as "IndyMac Mortgage Services, a division of OneWest Bank, FSB."  Thus, the interests of Deutsche Bank and Defendant are congruent.

Plaintiff also argues that the actions are not parallel because the state foreclosure action will not resolve key issues in the federal class action.  (Opp'n to Mot. to Dismiss 18.)  The Court does not agree.  If in fact the state court finds that the parties had entered into a binding loan modification, Defendant's argument that an enforceable contract does not exist will be resolved.  This issue is key to the gravamen of Plaintiff's federal class action that includes a class definition: "[a]ll homeowners who have entered into a TPP Contract with [Defendant]."  (Compl. ¶ 65.)

Because analysis of the Colorado River factors overwhelming favors abstention, the request to stay is **GRANTED**.  Defendant's motion to dismiss Plaintiff's Complaint is **DENIED** at this time.

III.    RULING

For the foregoing reasons, the Court **DENIES IN PART** and **GRANTS IN PART** Defendant's Motion to Dismiss.  The Court grants that portion of the Motion to Dismiss requesting the Court to abstain pending the outcome of the State Court Action.  The Motion to Dismiss is denied in all other respects.  This action is **STAYED** pending resolution of the State Court Action.  Defendant's Motion to Strike is **DENIED AS MOOT**.  The Mandatory Scheduling Conference set for March 28, 2013 is vacated and taken off the Court's calendar. The Court sets a status conference on **May**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-09810 SJO (AJWx)</u>   **DATE:** <u>February 28, 2013</u>

**20, 2013** regarding the status of the State Court Action.  The parties shall file a joint report by May 6, 2013.

IT IS SO ORDERED.